FILED

2016 OCT 12 PM 2: 11

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY _____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

September 2016 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>MOSES S. HALL,<br><br>          Defendant. | SA CR No. 16- 00132<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1341: Mail Fraud and Attempted Mail Fraud; 18 U.S.C. § 1343: Wire Fraud and Attempted Wire Fraud; 26 U.S.C. § 7212(a): Attempt to Interfere with Administration of Internal Revenue Laws; 26 U.S.C. § 7203: Willful Failure to File Tax Return; 18 U.S.C. § 2(a): Aiding and Abetting; 18 U.S.C. § 2(b): Causing an Act to be Done] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 1341, 2(a), 2(b)]

A.   THE FRAUDULENT SCHEME

1.   Beginning in or about June 2008, and continuing to in or about March 2012, in Orange County, within the Central District of California, and elsewhere, defendant MOSES S. HALL ("HALL"), together with others known and unknown to the Grand Jury, each aiding and

abetting the others, knowingly and with intent to defraud, devised, participated in, and executed, and attempted to execute, a scheme to defraud distressed homeowners as to material matters and to obtain money from distressed homeowners by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

B.   MEANS TO ACCOMPLISH THE FRAUDULENT SCHEME

2.   The fraudulent scheme operated, in substance, in the following manner:

a.   Through false and fraudulent statements and written materials, defendant HALL attempted to induce and did induce distressed homeowners facing mortgage payments they could not afford to pay and/or increasing mortgage payment amounts, to pay him an illegal advance fee for purported mortgage modification services.

b.   Through false and fraudulent statements and written materials, defendant HALL attempted to induce and did induce distressed homeowners facing foreclosure to pay an illegal advance fee for purported mortgage relief services to save their homes from foreclosure.

c.   To obtain the distressed homeowners' money, defendant HALL made material omissions and false promises and statements, including, without limitation, falsely promising the homeowners that he would obtain mortgage loan modifications for them that would substantially reduce their mortgage payments or help them to avoid foreclosure.

d.   Defendant HALL would tell the homeowners to stop making their monthly mortgage payments to their mortgage companies, and instead to make the payments to him.

e. Defendant HALL would tell the homeowners that he would hold those payments in trust for them, to be used when he would negotiate with the mortgage companies for lower monthly mortgage payments for the homeowners.

f. Rather than holding the monthly mortgage payments the homeowners made to him in trust for them, defendant HALL instead used that money for personal expenditures.

3. To execute the aforementioned scheme, defendant HALL knowingly engaged in fraudulent and deceptive acts, practices, and devices, and caused false and deceptive statements to be communicated to, and material information to be concealed and omitted from, distressed homeowners, including, without limitation, the following:

a. Guaranteeing, in exchange for upfront payments, that he would get mortgage loan balances and/or monthly payments reduced.

b. Representing to homeowners that he had successfully obtained mortgage relief for homeowners in the past.

c. Representing to homeowners that if he was not successful in obtaining mortgage relief for them, he would return the monthly payments they had made to him.

d. For victims T.M. and M.M., directing them to wire transfer $400,000 to him, falsely assuring them that he would keep those funds in his attorney trust account, when in fact, he immediately began to spend that money on personal expenditures, and had spent it all within six months.

e. In addition to operating the scheme using "The Law Offices of Moses S. Hall," he also utilized other fictitious business names, including "Salva Casas" and "Loan Modifications of America."

4.     In carrying out the scheme to defraud, defendant HALL concealed, among others, the following material facts:

          a.     That defendant HALL was a convicted felon, having been arrested for homicide, convicted of armed robbery and conspiracy to commit robbery, and having served years of state prison in New Jersey, before being admitted as an attorney in California.

          b.     That defendant HALL would be spending the monthly mortgage payments the homeowners made to him on personal expenditures unrelated to the homeowners' mortgage modifications, including buying vehicles for himself and his daughter, rather than holding it in trust to use for modification purposes.

          c.     That defendant HALL would be withdrawing in cash the majority of money paid by the homeowners for modification services, including more than $1 million in cash or checks to himself from 2008 to 2011.

          d.     That defendant HALL was not successful in obtaining mortgage modifications for his clients.

C.     RESULTS OF THE FRAUDULENT SCHEME

     5.     As a result of the fraudulent scheme, defendant HALL induced more than 75 distressed homeowners to pay him a total of more than $1.4 million.

D.     EXECUTION OF THE FRAUDULENT SCHEME

     6.     On or about the date set forth below, within the Central District of California, and elsewhere, defendant HALL, together with others known and unknown to the Grand Jury, each aiding and abetting the others, for the purpose of executing and attempting to execute the above-described scheme to defraud, willfully caused the following item to be placed in an authorized depository for mail matter to be

4

1   sent and delivered by the United States Postal Service according to

2   the directions thereon:

3   | COUNT | DATE | ITEM MAILED |
    | --- | --- | --- |
4   | ONE | 10/27/11 | Letter from defendant MOSES S. HALL to victim R.C., directing "Please remit your monthly payment of $1,830 to my office." |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNTS TWO THROUGH FOURTEEN

[18 U.S.C. §§ 1343, 2(a)]

7.   The Grand Jury incorporates by reference and re-alleges Paragraphs 1 through 5 of this Indictment as though set forth in their entirety here.

D.   <u>USE OF INTERSTATE WIRE COMMUNICATIONS</u>

8.   On or about the dates set forth below, in Orange County, within the Central District of California, and elsewhere, defendant HALL, for the purpose of executing and attempting to execute the above-described scheme to defraud, caused and aided and abetted the transmission of the following items by means of wire communication in interstate and foreign commerce:

| COUNT | DATE | ITEM WIRED |
|---|---|---|
| TWO | 11/16/11 | ATM deposit of $1,500 check from victim H.C. into Citibank account xxxx45315 |
| THREE | 11/16/11 | ATM withdrawal of $200 cash from Citibank account xxxx45315 |
| FOUR | 11/21/11 | ATM withdrawal of $400 cash from Citibank account xxxx45315 |
| FIVE | 12/08/11 | ATM deposit of $1,500 check from victim H.C. into Citibank account xxxxxx46313 |
| SIX | 12/16/11 | Email message from defendant to victim T.M., wherein defendant HALL informed T.M. that he was "working on it." |
| SEVEN | 12/29/11 | ATM deposit of $1,833 check from victim R.C. into Citibank account xxxxxx46313 |
| EIGHT | 12/29/11 | ATM withdrawal of $700 cash from Citibank account xxxxxx46313 |
| NINE | 01/11/12 | ATM deposit of $1,500 check from victim H.C. into Citibank account xxxxxx46313 |
| TEN | 01/11/12 | ATM withdrawal of $400 cash from Citibank account xxxxxx46313 |

| COUNT | DATE | ITEM WIRED |
|-------|------|------------|
| ELEVEN | 01/24/12 | Email message from defendant HALL to victim T.M., wherein defendant HALL wrote "Done Done Done.  …  Thanks for being you. Moses." |
| TWELVE | 02/23/12 | Email message from defendant HALL to victims T.M. and M.M., wherein defendant HALL wrote: "Everything fine I would talk to you guys soon." |
| THIRTEEN | 02/29/12 | ATM withdrawal of $500 cash from Citibank account xxxxxx46313 |
| FOURTEEN | 03/01/12 | ATM withdrawal of $500 cash from Citibank account xxxxxx46313 |

COUNT FIFTEEN

[26 U.S.C. § 7212(a)]

9.    The Grand Jury incorporates by reference and re-alleges Paragraphs 1 through 5 of this Indictment as though set forth in their entirety here.

10.    Beginning in or about June 2008, and continuing thereafter up to and including December 17, 2015, in Orange County, within the Central District of California, and elsewhere, defendant MOSES S. HALL corruptly endeavored to obstruct and impede the due administration of the Internal Revenue laws by:

      a.    Using multiple different bank accounts to deposit the proceeds from his fraudulent scheme, including depositing checks from the same victim into different business and personal accounts;

      b.    Conducting transactions in cash, including withdrawing more than $1,000,000 in cash from 2008 to 2011, and often doing so on the same day from multiple different ATM locations and from different accounts;

      c.    On or about July 13, 2010, buying a 2010 Mercedes Benz C300 using $25,000 in cash;

      d.    Obtaining large amounts of cash from clients and using that cash to make personal expenditures; and

      e.    Making false statements to the IRS Special Agents who interviewed him on December 17, 2015.

COUNT SIXTEEN

[26 U.S.C. § 7203]

11.   During the calendar year 2009, in Orange County, within the Central District of California, and elsewhere, defendant MOSES S. HALL ("HALL") had and received gross income in excess of $9,350; that by reason of such gross income, he was required by law, following the close of the calendar year 2009, and pursuant to authorized extension, on or before October 15, 2010, to make an income tax return to the Director, Internal Revenue Service District of Los Angeles, at Los Angeles, California, in the Central District of California, or to the Director, Internal Revenue Service at Fresno, California, or other proper officer of the United States, stating specifically the items of his gross income and any deductions and credits to which he was entitled; that well knowing and believing all of the foregoing, defendant HALL willfully failed to make an income tax return for himself to said District Director of the Internal Revenue Service, to said Director of the Internal

///
///
///
///
///
///
///
///
///
///
///

1  Revenue Service Center, or to any other proper officer of the United

2  States.

3                                                    A TRUE BILL

4

5                                                    /S/

6                                              Foreperson

7  EILEEN M. DECKER
   United States Attorney
8

9

10 LAWRENCE S. MIDDLETON
   Assistant United States Attorney
11 Chief, Criminal Division

12 DENNISE D. WILLETT
   Assistant United States Attorney
13 Chief, Santa Ana Branch Office

14 CHARLES E. PELL
   Assistant United States Attorney
15 Santa Ana Branch Office

16

17

18

19

20

21

22

23

24

25

26

27

28